**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES BOWLES,**

     **Plaintiff,**

-vs-                 **Case No. 6:02-cv-694-Orl-KRS**

**JO ANNE B. BARNHART, Commissioner**
**of Social Security,**

     **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNCONTESTED AMENDED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 34)**
>
> **FILED:** **June 27, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The plaintiff, James Bowles, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on March 15, 2005. Doc. No. 31. Thus, the deadline for Bowles to file his petition for EAJA fees was June 13, 2005. *See Johnson v. Apfel*, No. Civ. A. 00-0086-P-C, 2001 WL 303296, *1 (S.D. Ala. Mar. 14, 2001).

Bowles did in fact file a petition for EAJA fees on June 13, 2005. Doc. No. 32. I denied the motion without prejudice to refiling on or before June 24, 2005, for failure to comply with M.D. Fla. L.R. 3.01(g). Doc. No. 33. Stated otherwise, I extended the deadline for Bowles to file his petition until June 24, 2005. As noted above, the present motion was filed on June 27, 2005. Doc. No. 34.

A claimant's failure to file a timely EAJA application precludes a district court from considering the merits of the application. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Though Congress did not intend for the deadlines imposed by the EAJA to be traps for the unwary, this Court has no jurisdiction to consider late-filed fee applications. *Id.* at 668-69; *United States v. J.H.T., Inc.*, 872 F.2d 373, 376 (11th Cir. 1989); *see also Hill v. Apfel*, No. CIV. A. 980241-AH-S, 2000 WL 718810, at *2 (S.D. Ala. May 10, 2000) (denying EAJA fee petition because it was filed thirty-one days late, thereby precluding the court's jurisdiction to consider it).

My order of June 14, 2005, doc. no. 33, made clear that in order to receive fees pursuant to the EAJA, Bowles needed to file an appropriate motion on or before June 24, 2005. This he failed to do.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties